UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WESLEY B. AMES and STANLEY R. AMES,<br><br>                              Plaintiffs,<br><br>      v.<br><br>RANDALL S. AMES and DARLEEN AMES, husband and wife, ROY A. AMES and RUBYE M. AMES, husband and wife, JOE MITTL, and JOHN DOES 1-10,<br><br>                              Defendants. | NO:  13-CV-0257-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER |

BEFORE THE COURT is Plaintiffs' Motion for Emergency Ex Part[e] Temporary Restraining Order (ECF No. 3).  This matter was submitted for consideration on an expedited basis without oral argument.  The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

ORDER DENYING PLAINTIFFS' MOTION FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER ~ 1

BACKGROUND

Plaintiffs seek an emergency order restraining Defendants from, *inter alia*, harvesting timber from their family farm.  For the reasons discussed below, the Court will deny the motion upon a finding that Plaintiffs have failed to establish a sufficiently high likelihood of success on the merits.

DISCUSSION

The issuance of an *ex parte* temporary restraining order ("TRO") is governed by Federal Rule of Civil Procedure 65(b).  To obtain an *ex parte* TRO under Rule 65(b), a party must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if the requested relief is not granted, (3) that a balancing of the hardships weighs in its favor; and (4) that the requested relief will advance the public interest.  *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) (citation omitted).  When these elements are satisfied, a court may temporarily enjoin the opposing party or parties from engaging in a specific action pending a hearing to determine whether the restrictions should continue in the form of a preliminary injunction.  The court must also require the party seeking the TRO to "give security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).

Plaintiffs have asserted a cause of action for timber theft and waste. Generally, Plaintiffs allege that their brother and sister-in-law, Defendants Randall Ames and Darlene Ames, are harvesting timber from a family farm in a manner which violates an order issued by Judge Allen C. Nielson of the Stevens County Superior Court during proceedings to quiet title in the farm. The final page of the order in question is attached to Plaintiffs' Complaint. *See* ECF No. 1-1 at Exhibit 2. The relevant portion of that page reads as follows:

> Limiting timber harvesting, as set forth herein, adequately addresses the needs and concerns of all parties. In particular, the annual harvests shall be at a level of 19 mbf; in addition, a harvest of lodgepole and grand fir, and necessary thinning also authorized. The net proceeds shall be divided 60% to plaintiffs and 40% to Wesley Ames and Stanley Ames.

ECF No. 1-1 at Exhibit 2.

Plaintiffs contend that Randall and Darlene Ames violated this order by (1) cutting more timber than permitted; and (2) harvesting species other than those specifically identified. Specifically, Plaintiffs allege:

> Acting directly contrary to the Order, Defendants' [sic] cut a major proportion of the <u>Douglas fir</u> on the Farm, which is the most valuable timber species present, focusing heavily on the larger trees and totaling about 486 thousand board feet (mbf) out of the 1400 – 1500 mbf total merchantable timber present on the Farm. Ignoring the specific terms of the Superior Court's Order, Defendants cut substantially no lodgepole pine, cut only a minor quantity of grand fir, and in no way limited their cutting to "necessary thinning."

ECF No. 1 at ¶ 25.  Plaintiffs further allege that these Defendants have engaged in "an obvious and malicious scheme to complete their illegal cutting before they could be discovered and stopped."  ECF No. 1 at ¶ 28.

In the instant motion, Plaintiffs seek an emergency order (1) requiring Defendants to deposit the proceeds from all timber cut after April 1, 2013, with the Clerk of Court; (2) enjoining Defendants from harvesting any additional trees; (3) vesting Plaintiffs with authority to manage the sale of any trees which have already been cut; and (4) allowing Plaintiffs to access the property to make inspections. The Court respectfully declines to enter such an order on an emergency and *ex parte* basis.  Ownership of the timber in question appears to have been heavily litigated in Stevens County Superior Court.  Based upon the record before it, however, this Court is unable to discern with any degree of confidence the precise outcome of those proceedings.  The Court is particularly concerned that the one-page excerpt of Judge Nielson's order attached to the Complaint as Exhibit 2 has been presented out of context.  Although the order specifically references "[l]imiting timber harvesting, as set forth herein," Plaintiffs have provided only the final page of the order.  To further complicate matters, Plaintiffs have failed to address the significance of a more recent order, dated June 14, 2013, which appears to deal directly with the subject-matter of the instant lawsuit.  *See* ECF No. 1-1 at Exhibit 5.  Thus, the Court finds that Plaintiffs have failed to adequately

ORDER DENYING PLAINTIFFS' MOTION FOR EMERGENCY EX PARTE
TEMPORARY RESTRAINING ORDER ~ 4

demonstrate a sufficiently high likelihood of success on the merits on the present record.

Finally, the Court questions whether it may exercise subject-matter jurisdiction over this case. Although Plaintiffs have invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332, it appears that they are effectively seeking to enforce and/or modify rulings issued by the Stevens County Superior Court. Plaintiffs are cautioned that this Court will not—and cannot—grant them such relief. To the extent that Plaintiffs are unhappy with Judge Nielson's rulings in the state court proceedings, they must seek relief (as they appear to already have done) in the Washington Court of Appeals and/or the Washington Supreme Court.

**IT IS HEREBY ORDERED:**

Plaintiffs' Motion for Emergency Ex Part[e] Temporary Restraining Order (ECF No. 3) is DENIED.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** July 12, 2013.

THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR EMERGENCY EX PARTE TEMPORARY RESTRAINING ORDER ~ 5